UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESSICA LEIGH SQUIRES,

    Plaintiff,

v.   Case No.:  6:23-cv-233-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Jessica Leigh Squires sues to challenge the Commissioner of Social Security's decision denying her application for disability benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision is reversed and remanded for further administrative proceedings.

## I. Background

Squires filed for disability benefits in 2016, claiming she could no longer work because of neuropathy, regional pain syndrome, and insomnia. (Tr. 95.)[2] Since her application has been pending for nearly seven years, there is a long procedural history. The Court hits the highlights relevant to its review.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." followed by a pin-cite where applicable.

Squires's initial application was denied and went through the administrative process. (*See* Doc. 18 at 1.) An unfavorable decision in April 2019 was appealed to this Court and Squires won. Because of errors in the administrative law judge's ("ALJ") assessment of her testimony, the case was remanded for further proceedings. *See Squires v. Comm'r of Soc. Sec.*, No. 6:20-CV-477-LRH, 2021 WL 4197716, at *2 (M.D. Fla. Sept. 15, 2021).

The Commissioner held another hearing where the ALJ again found Squires not disabled. (Tr. 644-64.)[3] The ALJ agreed that she had severe impairments of "reflex sympathetic dystrophy/complex regional pain syndrome, tarsal tunnel syndrome, small fiber neuropathy, myofascial pain syndrome, Raynaud's syndrome, Hashimoto's disease, and Grave's disease." (*Id.* at 650.) Still, according to the ALJ, Squires had the residual functional capacity ("RFC") to perform "sedentary work as defined in 20 CFR 404.1567(a)." (*Id.* at 651.) To account for Squires's physical and mental limitations, the ALJ included these added conditions:

---

[3] An individual claiming disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

> she can only occasionally balance, stoop, kneel, crouch and crawl. She can occasionally climb stairs and ramps but must avoid climbing ropes, ladders, or scaffolds. She must avoid concentrated exposure to extreme cold and hot temperatures and all exposure to hazards such as unprotected heights and dangerous moving machinery. She requires the ability to alternate between sitting and standing every 1/2 hour for up to 3-5 min at the workstation. She is also limited to working in no greater than a level 3 (moderate) noise level work environment.

(*Id.* at 652.)

After considering the RFC and other evidence, including the testimony of a vocational expert, the ALJ determined that Squires could perform "past relevant work as a counselor." (Tr. 656.) As explained by the ALJ, "[t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity." (*Id.*) The Commissioner denied further administrative review, and this lawsuit followed. (*See* Doc. 1.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The

Supreme Court recently explained, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Squires first argues the ALJ erred when assessing medical opinion evidence from Dr. Augusto De Leon. (Doc. 18 at 5.)

Dr. Leon saw Squires for a physical exam in March 2022. (Tr. 816-31.) Following the exam, he reported that Squires "has limitations in sitting and standing [such that she] can perform this action occasionally." (*Id.* at 822.) Dr.

4

Leon also documented limitations with walking, lifting, and carrying. As a result, he opined Squires could only "lift and carry less than 2 lbs occasionally." (*Id.*)

Dr. Leon likewise completed a "Medical Source Statement of Ability to do Work-Related Activities." (Tr. 824-29.) In that document, he identified a litany of work-related restrictions for Squires. They included:

- She could not ambulate without the use of a wheelchair, walker, canes, or crutches;
- She could sit for fifteen minutes at a time for a total of one hour during an eight-hour workday;
- she could stand ten minutes at a time for a total of one hour during an eight-hour workday;
- she could never balance, stoop, kneel, crouch, or crawl; and
- She could never lift or carry more than 10 pounds.

(*Id.* at 824-28.)

Dr. Leon's records were submitted to the ALJ for consideration. And this is what he had to say about them:

> In March 2022, Dr. [Leon] opined the claimant required the walking sticks for standing and walking. However, the undersigned gives little weight to this opinion as it is inconsistent with his own findings during the period at issue noting a normal gait and the absence of an assistive device and is more than three years after the claimant's date last insured.[4]

(Tr. 653.) There is no other mention of Dr. Leon or his many opinions.

---

[4] The ALJ's opinion credits another doctor with performing the March 2022 examination. That appears to be a typo, however, as the ALJ cited to Dr. Leon's records. The parties also seemingly agree that the ALJ was referring to Dr. Leon with this discussion. (*See* Doc. 21 at 6, Doc. 22 at 1-2.)

5

Under the applicable regulations,[5] the ALJ was required to consider every medical opinion in the record and "state with particularity the weight given to [it]." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Medical opinions are statements from physicians or other medical sources that reflect judgments about the nature and severity of a claimant's impairments, including a claimant's symptoms, diagnosis, prognosis, and physical or mental restrictions. *Id.* at 1178-79.

When weighing a medical opinion, the ALJ must consider several factors: the examining and treatment relationship between the claimant and doctor, the length of treatment and frequency of the examination, the nature and extent of the treatment relationship, the supportability and consistency of the evidence, the specialization of the doctor, and other factors that tend to support or contradict the opinion. *See Hearn v. Comm'r, Soc. Sec. Admin.*, 619 F. App'x 892, 895 (11th Cir. 2015). When the ALJ articulates specific reasons for giving less weight to an opinion, and those reasons are supported by substantial evidence, there is no reversible error. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005). Problems arise, however, when the ALJ fails to explain the weight given to an opinion or the reasons for discrediting it. *See McCloud v.*

---

[5] In 2017, the Social Security Administration substantially revised the regulations governing how it considers medical evidence, including medical opinions. Squires filed her claim for benefits before this change. The Court thus applies the pre-2017 regulations. *See Glover v. Comm'r, Soc. Sec. Admin.*, No. 22-10497, 2022 WL 17826364, at *3 (11th Cir. Dec. 21, 2022).

*Barnhart*, 166 F. App'x 410, 418-19 (11th Cir. 2006).

According to the Commissioner, the ALJ "provided a sound basis for discounting [Dr. Leon's] opinion[s]." (Doc. 21 at 6.) The Court disagrees. While the ALJ did discuss Dr. Leon's opinion about ambulating and offer a basis to reject it, there is nothing more. The ALJ's ruling offers neither a discussion of the remaining "pertinent elements" of Dr. Leon's opinions, nor explains the extent to which they were considered. *Winschel*, 631 F.3d at 1179. Such cursory treatment of Dr. Leon's medical opinion evidence constitutes reversible error. *See Cain v. Comm'r, Soc. Sec. Admin.*, 777 F. App'x 408, 410 (11th Cir. 2019).

The Commissioner alternatively suggests that any error in the ALJ's analysis is harmless. The Court again disagrees. Dr. Leon's opinions directly undermine the RFC. For instance, Dr. Leon concluded Squires could never kneel, stoop, or climb stairs at work. (Tr. 827.) Yet, under the ALJ's RFC, Squires *can* perform such tasks. (*Id.* at 651-52.) Since Dr. Leon found Squires more limited that the RFC, any error in addressing his opinions "is not harmless." *Shelga Leah F. v. Comm'r, Soc. Sec. Admin.*, No. 2:18-CV-00142-JCF, 2020 WL 13533701, at *6 (N.D. Ga. Mar. 3, 2020). "[I]t is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence" where the ALJ does not "state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179. Since that is what

7

occurred here, the ALJ's decision cannot stand. *See, e.g.*, *Cain*, 777 F. App'x at 410.

Squires raises several other arguments that the Court need not (and will not) consider now. Since this case is going back to the Commissioner, such issues will likely be reconsidered in the later proceedings. *See Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198, at *5 (M.D. Fla. Jan. 17, 2017); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986).

Accordingly, it is now **ORDERED**:

1. The Commissioner's decision is **REVERSED** and **REMANDED** under 42 U.S.C. § 405(g) for the Commissioner to address the issue outlined above and take any other actions deemed necessary.

2. The Clerk is directed to enter judgment for Squires and against the Commissioner and close the file.

**ENTERED** in Fort Myers, Florida on October 23, 2023.

*Kyle C. Dudek*
Kyle C. Dudek
United States Magistrate Judge

Copies:   All Parties of Record